UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. JACKSON,**

      **Plaintiff,**

  v.                        **Civil Action 2:23-cv-2591**
                                  **Judge Edmund A. Sargus, Jr.**
                                  **Magistrate Judge Chelsey M. Vascura**

**CONROY RENTAL,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Mark A. Jackson, an Ohio resident proceeding without the assistance of counsel, brings this action for damages against his former landlord arising out of eviction order obtained from the Franklin County Municipal Court. This matter is before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for lack of subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs

and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff alleges that the Defendant, Conroy Rental, illegally obtained an order of eviction against him from the Franklin County Municipal Court by falsely asserting that Plaintiff failed to pay rent. Plaintiff also alleges that Defendant's false assertion that Plaintiff failed to pay rent was (1) merely a pretext for discrimination against Plaintiff with regard to his wife's medical support animal in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and (2) a defamatory statement. As relief, Plaintiff seeks "multiple millions" in compensatory and punitive damages arising from the eviction. (Compl. 3–4, ECF No. 1-1.)

Plaintiff's ADA claim is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review

of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up).

Here, Plaintiff's ADA claim asks this Court to find that the state court's eviction order was invalid because it was based on false testimony and discrimination on the basis of Plaintiff's wife's medical support animal. Plaintiff also seeks damages arising from the eviction, of which the eviction order is "the source of the injury." Because Plaintiff's ADA claim is essentially an appeal of the state court's eviction order, this Court lacks jurisdiction over this claim pursuant to the *Rooker-Feldman* doctrine.

The undersigned further lacks original subject-matter jurisdiction over Plaintiff's defamation claim. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete

3

diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's defamation claim pertains squarely to state law and does not arise under federal laws or the United States Constitution. *See*, *e.g.*, *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (evaluating defamation claim under Ohio law). Moreover, the federal statute Plaintiff cites, 28 U.S.C. § 4101 *et seq.*, merely contains provisions regarding the recognition of foreign judgments for defamation; it does not purport to create a federal statutory cause of action for defamation within the United States. Nor has Plaintiff alleged that he and Defendant are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his defamation claim.

### III.    DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of subject-matter jurisdiction.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE